*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* ALEXANDER/LEE/CANTU/THOMAS, Minors.

UNPUBLISHED
May 07, 2026
2:57 PM

No.  373356
Oakland Circuit Court
Family Division
LC No.  2021-882877-NA

Before:  FEENEY, P.J., and GARRETT and BAZZI, JJ.

GARRETT, J. (*concurring in part and dissenting in part*).

I agree with the majority that the Department of Health and Human Services (DHHS) made reasonable efforts to reunite respondent-mother with her children.  Therefore, her argument that the lack of reasonable efforts resulted in an erroneous statutory-grounds determination necessarily fails.  I also agree that respondent was not denied the effective assistance of counsel.  I disagree with the majority's determination that the trial court did not clearly err by concluding that termination of respondent's parental rights was in the best interests of the four oldest children involved in this case, LLL, LKWL, SLA, and KLA.  I would reverse the order terminating respondent's parental rights with respect to those children and remand for further proceedings.

"We review for clear error a trial court's factual finding that termination of a parent's parental rights is in the child's best interests." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022).  Clear error exists if we are left with a definite and firm conviction that a mistake has been made.  *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted).

When considering a child's best interests, the focus is on the child rather than the parent. *In re Atchley*, 341 Mich App at 346.  Factors to consider include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Pederson*, 331 Mich App 445, 476; 951 NW2d 704 (2020) (citation omitted).  "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id.* (citation omitted).  It is "incumbent on the trial court to view each child individually when

-1-

determining whether termination of parental rights is in that child's best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012)

Respondent's history involved domestic violence and substance abuse. By the time the trial court made its best-interests determination, however, respondent had made significant strides in rectifying her barriers to reunification. So much so that the children's lawyer guardian ad litem (LGAL) opposed the termination of respondent's parental rights with respect to the four oldest children. At the best-interests hearing, the caseworker testified that respondent had made "incredible strides" and was "on a much better trajectory" than she had been previously. Respondent was employed, was being considered for management training, and had her own apartment. Her most recent positive drug and alcohol screen was in May 2024, six months before the caseworker testified, and respondent continued to test regularly. She completed the PRISM program pursuant to her adult treatment court plan and continued in the program on a voluntary basis because she found it beneficial. Further, the caseworker testified that respondent was "at a different place emotionally" than she had been previously, respondent was working through her past trauma, and she was not involved in any personal relationships that caused the caseworker concern.

The caseworker also testified that the four oldest children "look at themselves as a unit," had "been in this together," and were still bonded with respondent and asked about her. The four children were not all in the same placement; instead, SLA and KLA were together in foster care, and LLL and LKWL were together in a separate foster care home. Unlike the two youngest children involved in this proceeding, who were in preadoptive placements, there was no permanency plan for the four older children. In fact, SLA and KLA's father was in prison, and only a temporary wardship was in place regarding his parental rights. Considering respondent's significant progress, the absence of a permanency plan for the older four children, and their bond with respondent, the trial court clearly erred by determining that termination of respondent's parental rights was in their best interests.

Further, respondent gave birth to a daughter, WMD, in early October 2024. WMD was in a temporary voluntary placement because of the ongoing termination proceeding. The LGAL indicates that DHHS initially sought termination of respondent's parental rights to WMD but later sought only a temporary wardship, and the court's jurisdiction over WMD was ultimately successfully terminated in June 2025. Although the instant proceeding did not involve WMD, the result of the proceeding involving WMD reflect the progress respondent has made. Accordingly, I would reverse the trial court's order terminating respondent's parental rights to the older four children and remand for further proceedings in accordance with the LGAL's requested relief.

/s/ Kristina Robinson Garrett